# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Martinsburg

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                         **Criminal No. 3:10-CR-76**
                                                  **Civil Action No. 3:13-CV-15**
**GUY GORDON MARSH, JR.**                Judge Bailey

    Defendant.

## ORDER ON MOTION FOR JUDICIAL RECUSAL
## AND MOTION FOR LEAVE TO APPEAL

Pending before this Court is defendant Guy Gordon Marsh, Jr.'s *pro se* Motion for Leave to Appeal Order Denying Motion for True Bill of Indictment and All Relevant Evidence Before the Grand Jury Including the Transcripts to the Arrainment (*sic*) and Prelimonary (*sic*) Hearings [Doc. 87] and Motion for Judicial Recusal [Doc. 89].

This defendant was indicted on November 16, 2010, in a single count Indictment charging him with failing to register as a sex offender in West Virginia, having traveled in interstate commerce, in violation of 18 U.S.C. § 2250(a) [Doc. 13]. On January 24, 2011, the defendant entered a plea of guilty to the Indictment, pursuant to written plea agreement [Doc. 27]. The plea agreement includes a provision under which the defendant waives his right to collaterally attack his sentence.

On May 9, 2011, the defendant was sentenced to a term of incarceration of sixty months [Doc. 38]. The defendant appealed to the United States Court of Appeals for the

1

Fourth Circuit, which in a *per curiam* opinion entered November 17, 2011, affirmed the defendant's conviction [Doc. 50].

On February 15, 2013, the defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective in advising the defendant to enter a guilty plea "when the indictment charging violations of 18 U.S.C. § 2250(a) was subject to dismissal as a matter of law because no valid statute or properly promulgated rule made SORNA's registration applicable to Petitioner as of the time he is charged with Failure to Register." [Doc. 56-1, p. 79].

This Court must first address the Motion for Judicial Recusal [Doc. 89]. In the Motion, the defendant alleges that the undersigned judge is biased and that the "well has been poisoned" based upon the allegation that since the alleged instances of ineffective counsel occurred in proceedings before the undersigned, this Court would be biased. In addition the defendant claims that this Court's Order denying the defendant's Motion for documents demonstrates bias.

"A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. 28 U.S.C. § 455(a). The test is an objective one: as we have previously observed, a judge must disqualify himself whenever his '"impartiality might reasonably be questioned."' **In re Beard**, 811 F.2d 818, 827 (4th Cir. 1987) (quoting 28 U.S.C. § 455(a)). In other words, '[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial.' **In re Beard**, 811 F.2d at 827

(citation omitted). A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.' *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (internal quotation marks omitted). Put simply, '[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality.' *Beard*, 811 F.2d at 827." *United States v. Cherry*, 320 F.3d 658, 665 (4th Cir. 2003).

Furthermore, the "alleged bias must derive from an extra-judicial source." *Beard*, 811 F.2d at 827. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The fact that the defendant disagrees with this Court's rulings is insufficient to warrant recusal. Accordingly, the defendant's Motion for Judicial Recusal [Doc. 89] is **DENIED**.

In the defendant's remaining Motion, he seeks leave to appeal this Court's ruling denying his Motion for Petitioner's True Bill of Indictment, Under 28 U.S.C. § 2249 and 28 U.S.C. § 2250 for "Failure to Register Under 18 U.S.C. § 2250" [Doc. 81]. In that Motion before the Court, the defendant seeks a copy of his Indictment and that he be allowed to review all relevant evidence, including material evidence, exhibits, and the minutes of all testimony given to the Grand Jury. None of the information sought by the Motion is relevant to the claims of ineffective assistance of counsel as alleged in the defendant's § 2255 motion.

This Court denied the Motion inasmuch as review of the sought documents is foreclosed by his plea of guilty. "'[A] guilty plea constitutes a waiver of all nonjurisdictional

defects, including the right to contest the factual merits of the charges.' ***United States v. Willis***, 992 F.2d 489, 490 (omitting internal quotations and citations). *Accord* ***United States v. Broce***, 488 U.S. 563, 569 (1989); ***Tollett v. Henderson***, 411 U.S. 258, 267 (1973) (defendant who pleads guilty may not challenge nonjurisdictional errors, including deprivation of constitutional rights that occurred prior to plea); ***United States v. Bowles***, 602 F.3d 581, 582-83 (4th Cir. 2010); ***United States v. Moussaoui***, 591 F.3d 263, 279 (4th Cir. 2010); ***United States v. Bundy***, 392 F.3d 641, 644 (4th Cir. 2004); *and* ***Hall v. McKenzie***, 575 F.2d 481, 484 (4th Cir. 1978)." Horn, *Fourth Circuit Criminal Handbook* § 88 (2013).

In the present Motion, the defendant seeks leave to take an interlocutory appeal of this Court's ruling. Under 28 U.S.C. § 1292(b), this Court may grant an interlocutory appeal if this Court finds that the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Based upon the foregoing cited authorities, this Court can make no such finding. Accordingly, defendant Guy Gordon Marsh, Jr.'s *pro se* Motion for Leave to Appeal Order Denying Motion for True Bill of Indictment and All Relevant Evidence Before the Grand Jury Including the Transcripts to the Arrainment (*sic*) and Prelimonary (*sic*) Hearings [**Doc. 87**] is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the defendant.

4

**DATED:** September 12, 2013.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE